MATILDA MIRANDA, Respondent, *v.* MELCHIORRI LO CURTO, Appellant.

(Argued October 17, 1928; decided October 26, 1928.)

*Theodore H. Lord, Fred H. Rees* and *Daniel Mungall* for appellant. The complaint should have been dismissed for the failure to connect the defendant, owner of the automobile, with the operation or control thereof at the time of the accident. (*Fluegel* v. *Coudert,* 244 N. Y. 393; *Ohannissian* v. *Elliott,* 233 N. Y. 326; *Potts* v. *Pardee,* 220 N. Y. 431; *Powers* v. *Wilson,* 203 App. Div. 232; *Doersam* v. *Osmalek,* 202 App. Div. 621; *Kohlmeier* v. *Allen,* 201 App. Div. 445; *Legenbauer* v. *Esposito,* 187 App. Div. 811; *Brenner* v. *Goldstein,* 184 App. Div. 268; *De Smet* v. *Niles,* 175 App. Div. 822.)

*Leonard F. Fish* and *William Seligson* for respondent. The presumption that defendant's automobile was being

operated for his benefit at the time of the accident, and that the driver was his agent, is not overcome as a matter of law, nor indeed as a matter of fact, by the evidence, but on the contrary, the presumption is fortified and strengthened thereby. (*Norris* v. *Kohler*, 41 N. Y. 42; *McCann* v. *Davidson*, 145 App. Div. 522; *Ferris* v. *Sterling*, 214 N. Y. 249.) A legal presumption, strengthened and fortified by the circumstances, cannot be overcome as a matter of law, nor indeed as a matter of fact, by testimony to conversations, the meaning and purport of which is doubtful and uncertain. (*Place* v. *R. R. Co.*, 167 N. Y. 345; *Hill* v. *West End R. Co.*, 158 Mass. 458; *Van Blaricon* v. *Dodgson*, 220 N. Y. 111; *McCrassen* v. *Moorhead*, 195 N. Y. Supp. 164; *McComb* v. *Boardman*, 198 N. Y. Supp. 874; *Missell* v. *Hayes*, 86 N. J. L. 348; *Denison* v. *McMorton*, 228 Fed. Rep. 401; *Kirwan* v. *Foos*, 248 N. Y. 102.)

*Per Curiam.* The record before us contains no sufficient evidence from which the jury might find that at the time of the accident the automobile of the defendant was operated by his son as his agent. There is even no proof that this was a family car. Had such proof been present it might be necessary to determine the question of liability under *Missell* v. *Hayes* (86 N. J. L. 348), assuming that that case states the common law of New York as we interpret it. The accident happening in New Jersey, section 282-e of our Highway Law has no application.

The judgment of the Trial Term and of the Appellate Division should be reversed, and a new trial ordered, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.