HELEN CHERWIEN et al., Appellants, *v.* PHILIP J. GEITER, Respondent.

(Argued October 20, 1936; decided November 24, 1936.)

*Milton Speiser* and *Joseph Speiser* for appellants.

*John B. Doyle, Emmett McLoughlin, Jr.,* and *Joseph E. McMahon* for respondent.

HUBBS, J.   Respondent is a minister who resides in the State of Pennsylvania.   The automobile involved in the accident here in question was registered in that State.   Respondent, having recovered from an illness, came to the city of Brooklyn to visit his son, Philip, Jr., and to rest.   On the evening of the accident, his son asked him if he could have the use of his car to take the appellant Helen Cherwien for a ride to her uncle's, who resided in New Jersey, and he consented.   Appellant Helen Cherwien invited her mother, her sister Marion and Mrs. Jones to go with them.   While in New Jersey an accident

happened which resulted in the death of Philip, Jr., and injury to appellants.

The appellant Helen Cherwien was engaged to marry Philip, Jr. Her mother is the other appellant. This is an action to recover damages for personal injuries. The appellants were successful at the trial, but the judgment in their favor was reversed by the Appellate Division and the complaint dismissed. The Appellate Division decided that Philip, Jr., in operating the car, was not acting as his father's agent; that the car was not a "family car" and that the respondent was not responsible for the negligence of his son. We are convinced that the proper decision was made. At the trial no testimony was given of the law of New Jersey applicable to this case. In the absence of such evidence, it is presumed that the common law of New Jersey is the same as the common law of this State. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 303; *Weissman* v. *Banque De Bruxelles*, 254 N. Y. 488, 495.)

Section 391 of the Civil Practice Act, relating to statutes, decrees and decisions of another State or country, has not changed the law. That section refers to additional evidence and not to a case where no evidence was produced and where the case was not tried on the theory that the foreign law was different from our own.

Under the common law of this State, respondent is not liable for the negligence of his son while operating his car. At the time of the accident, Philip, Jr., was not acting as his father's agent and was not engaged on his father's business. He was engaged exclusively in his own affair. One who gratuitously loans his car to an adult member of his family, not known to be a negligent driver, for such driver's personal pleasure or business, is not liable under the common law for damages growing out of the negligent act of the driver. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Fallon* v. *Swackhamer*, 226 N. Y. 444.)

Section 59 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) has changed the common law rule. It reads:

"§ 59. Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle * * * in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

Referring to the effect of that section, we have said: " The statute created a liability where none existed before its enactment. The liability of the owner of a car for the negligence of one to whom he has loaned it, rests solely upon the statute; it is a statutory liability. The statute has created a liability where none existed at common law." (*Gochee* v. *Wagner*, 257 N. Y. 344, 347.)

That statute has no extraterritorial effect. The liability, if any, arising from the negligent operation of the car sounds in tort. (*Henry* v. *Hudson & Manhattan R. R. Co.*, 201 N. Y. 140.)

In the case of *Miranda* v. *Lo Curto* (249 N. Y. 191, 192) it was decided that where a resident of New York loaned his car in New Jersey to another and an accident happened in that State, section 282-e (now section 59 of Vehicle and Traffic Law) of our Highway Law (Cons. Laws, ch. 25) had no application. The decision was not placed on the ground that the loan was made in New Jersey, for we said: " The accident happening in New Jersey, section 282-e of our Highway Law has no application."

It is urged that as the transaction constituted a bailment entered into in this State, the law of this State governs. Undoubtedly, the law of this State governs the bailment and fixes the rights and obligations of the parties between themselves.

Section 59 of the Vehicle and Traffic Law has nothing to do with the bailment. That section imposes a strict measure of liability upon the owner of a motor vehicle while being operated upon a public highway of this State.

It does not fix the rights and liabilities of persons using the public highways of other States; that is a matter of policy for the other States.

The family car doctrine, urged by appellant, has no application as that doctrine has never been accepted in this State. (*Van Blaricom* v. *Dodgson, supra.*)

An interesting and ably written article by Daniel G. Yorkey is contained in volume XXI, page 303, of the Cornell Law Quarterly in which the cases upon the questions involved in this case are collated and reviewed.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.