HERMAN KREITZMAN, Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

First Department, October 27, 1939.

*James A. Hughes,* for the appellant.

*Benjamin H. Siff* of counsel [*Samuel Stern,* attorney], for the respondent.

PER CURIAM. The basis of plaintiff's action for fraud is that he was damaged by being deprived of his cause of action for personal injuries against Jessie S. Moon, defendant's assured. In order for plaintiff to recover, it was necessary for him to establish that he originally had a valid claim against defendant's assured. Plaintiff was injured in the State of Maryland. In the absence of evidence as to the laws of Maryland, it is presumed that the common law of that State is the same as the common law of this State. Under

our common law, one who gratuitously loans his car to another not known to be a negligent driver, for such driver's personal pleasure or business, is not liable for damages growing out of the negligent act of the driver. (*Cherwien* v. *Geiter*, 272 N. Y. 165, 168; *Van Blaricom* v. *Dodgson*, 220 id. 111.) John F. Sweeney, the driver of the car and not a party to the present suit, testified that on the day of the accident he had borrowed the automobile from his sister, Mrs. Moon, for the purpose of going to the races for his own pleasure, and that he was on his way from the race track to his own home when the alleged accident occurred.

This testimony from a disinterested witness was not contradicted; it was not shown to be improbable, nor was its truthfulness or accuracy open to reasonable doubt upon all the evidence. In the circumstances, the only conclusion that could be drawn reasonably is that at the time of the accident Sweeney was operating the car for his own business and pleasure and that the defendant's assured was not responsible for the operation of the car. (*Cherwien* v. *Geiter, supra; St. Andrassy* v. *Mooney*, 262 N. Y. 368, 372.) In this respect the verdict was contrary to the weight of the credible evidence. The judgment should, accordingly, be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and COHN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.