HENRY ELFELD, as Administrator of the Estate of MATTHEW ELFELD, Deceased, Respondent, v. BURKHAM AUTO RENTING CO., INC., Appellant, et al., Defendants.— In an action to recover damages for the death of plaintiff's intestate, killed when the automobile truck, owned by appellant Burkham Auto Renting Co., Inc., which intestate was operating as an employee of Pechter Baking Co., Inc., the lessee of the truck, skidded on a wet pavement and, overturning, fell upon intestate, judgment against appellant reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The proof established that for several years before the accident the truck had been leased to intestate's employer and its predecessor in business and had been serviced and maintained by the lessee. There was proof from which the jury could have found that defects in the truck and its equipment contributed to the

happening of the accident. In our opinion the proof did not establish liability on the part of the appellant either at common law or under section 59 of the Vehicle and Traffic Law. Concededly, the truck was being operated by the intestate, in his employer's service and not appellant's. (*Cherwien* v. *Geiter*, 272 N. Y. 165; *Gochee* v. *Wagner*, 257 N. Y. 344, 346; *Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755.) Section 59 of the Vehicle and Traffic Law imposes liability upon the owner of a motor vehicle for negligence in the operation of the vehicle upon the highway, not for negligence in the maintenance of the vehicle. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 394; *Arcara* v. *Moresse*, 258 N. Y. 211, 215.) If there were negligence in the operation of the truck, it was the negligence of intestate, who was alone in the truck. In any event, a new trial would be granted because, in our opinion, the verdict is against the weight of the evidence. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. [See *post*, p. 815.]