No. 17,686.

CLEO M. MILLER *v.* JULIUS BUSSARD, ETC.
(289 P. [2d] 913)

Decided November 7, 1955.   Rehearing denied December 5, 1955.

Mr. FRED W. MATTSON, Mr. A. B. MATTSON, Mr. IRVING L. GREENWALD, for plaintiff in error.

Mr. MYRON H. BURNETT for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties appear in this Court in the same order as in the trial court, and we will hereinafter refer to them as they appeared below, or by name.

The trial court dismissed the complaint of plaintiff upon motion of defendant's counsel at the conclusion of the evidence offered by plaintiff. In his complaint plaintiff alleged that on July 27, 1952, a bus owned by defendant and driven in a negligent manner by an agent of defendant, struck plaintiff's automobile, resulting in injuries to him and damage to his automobile, for which he sought reimbursement. Defendant in his answer admitted the accident but denied all other allegations of plaintiff's complaint. No question was raised in the trial court regarding the sufficiency of the evidence to establish the negligence of the driver of the bus, or of plaintiff's injuries or damages. The trial court resolved the issues in favor of defendant on the ground that under the showing made by plaintiff defendant could not be held responsible for the negligent manner in which the bus was driven.

Defendant testified under cross-examination that he operated a taxi line and bus service as a public utility under a certificate issued by the Public Utilities Commission, and that he owned the bus involved in the accident. The evidence further established that defendant rented the bus to the Englewood Baptist Church for the day on which the accident occurred, and that the man who was driving the bus was one Leonard Carlson who gave his occupation as a hod carrier. No testimony was offered

tending to prove that Carlson was an employee of defendant or in any manner selected by or accountable to him.

Rules and Regulations adopted by the Public Utilities Commission were introduced in evidence, and Rule 14 (c) thereof provides, inter alia, as follows:

"No common carrier shall lease or rent his equipment, or otherwise transfer proprietary control of or the responsibility for the operation thereof to any person, firm, or corporation not a carrier by motor vehicle for hire."

The church to which the bus was rented was not a "carrier by motor vehicle for hire."

The statute, C.R.S. 1953, 115-7-2, which imposes the penalty for violations of valid rules and regulations of the Commission provides, inter alia, that:

"In case any public utility shall do * * * any act, * * * prohibited, * * * such public utility shall be liable to the persons * * * affected thereby for all loss, damages or injury *caused thereby or resulting therefrom.*" (Emphasis supplied).

Counsel for plaintiff argue that defendant, having rented his bus to another not a carrier for hire in violation of the rule of the commission, is liable to plaintiff for damages resulting from the negligent operation of the bus by those to whom it was rented.

## Question to be Determined.

■■ *Where, by rule of the Public Utilities Commission, a common carrier for hire is prohibited from renting its equipment to one not a carrier by motor vehicle for hire, and where a vehicle owned and operated as part of the equipment of a common carrier is rented in violation of said rule, and damage is proximately caused by the negligence of those to whom the equipment is thus rented; does the statute which sets the penalty for violation of said rule operate to fix· liability upon the common carrier?*

The question is answered in the affirmative. The trial

court indicated that its judgment of dismissal was based upon the proposition that the violation of the rule was not the proximate cause of the injuries of which complaint is made. In reaching that conclusion the trial court, in substance, adopted the argument of counsel for defendant that under the facts disclosed defendant was a bailor of the bus, which caused the damage to plaintiff, while it was being operated by a bailee, and that under the doctrine announced in *Hertz System v. Hendrickson,* 109 Colo. 1, 121 P. (2d) 483, the bailor of an automobile is not responsible to third persons for injuries resulting from the negligent operation thereof by the bailee. This of course is the general rule applicable to the ordinary case, where personal property is placed temporarily, for a particular purpose, in the possession of one other than the owner. The case at bar involves facts which come within a field regulated by statutory provision. The effect of that statute upon the general rule above stated is to make an exception in the case of a bailment or rental of equipment owned and used by a common carrier when the bailee thereof is a person other than "a carrier by motor vehicle for hire." Where the rule of the Public Utilities Commission is violated by the unlawful rental of equipment by a common carrier, liability of the carrier does not depend upon the ability of one seeking relief to establish an agency, or relation of master and servant, between the common carrier and the person whose negligent act was the proximate cause of the injuries of which complaint is made.

■ The Public Utilities Commission, for the safety and protection of the general public, has the right to fix reasonable terms and conditions upon the use of the public highways by those who conduct a business thereon. *McKay v. Public Utilities Commission, et al.,* 104 Colo. 402, 91 P. (2d) 965. Protection of the general public is not limited to those who are directly served by the utility, but includes other users of the public highway as well. We think the reason for the rule adopted by the

commission, which prohibits rental of common carrier equipment to persons other than common carriers, is obvious. An applicant for a certificate to operate on the streets and highways as a common carrier must establish his responsibility to protect the public against loss or damage resulting from his negligence. If such a carrier could lease his trucks and buses, or other vehicles, to anyone without regard to their responsibility to protect the public and thereby avoid liability for the negligent use of that equipment, then the very reason for the regulation of common carriers would be defeated.

We think the intent of the legislature in adopting the statute, which provides a penalty for the unlawful use of common carrier equipment, was to prevent the common carrier from avoiding responsibility for the negligent operation of such equipment, while in the hands of another, on the ground that no relationship of master and servant existed. To reach any other conclusion would render the rule of the commission and the act of the legislature meaningless. The trial court erred in dismissing plaintiff's complaint.

The judgment is reversed and the cause remanded with directions to proceed upon the issues of fact tendered by the answer of defendant.