Florence HANSEMAN, Guardian, for and on behalf of William H. Hanseman, an incompetent person, Plaintiff,

v.

John E. HAMILTON; Paul B. Adams; Samuel Bruntz and Robert Norris, individuals, doing business as Bruntz and Norris Co.; Ronald D. Fabian; and Monte Chrisman, Kenneth Erwin and Forrest Erwin, individuals, doing business as Paul B. Adams Co., Defendants.

Civ. A. 6204.

United States District Court
D. Colorado.
Sept. 8, 1959.

Holland & Hart, William C. McClearn, Denver, Colo., for plaintiff.

Wormwood, O'Dell & Wolvington, Forrest C. O'Dell, Denver, Colo., for all defendants except Monte Chrisman, Kenneth Erwin, Forrest Erwin and Paul B. Adams Co.

Grant, Shafroth, Toll, Chilson & McHendrie, John F. Shafroth, Denver, Colo., for defendant Paul B. Adams.

**372**

Cross & Christensen, Loveland, Colo., for defendants Monte Chrisman, Kenneth Erwin, Forrest Erwin and Paul B. Adams Co.

KNOUS, Chief Judge.

This matter stands on motions of defendants John E. Hamilton, Ronald D. Fabian, Paul B. Adams, Samuel Bruntz and Robert Norris to dismiss the third claim for relief in plaintiff's amended complaint; and the motion of defendant Monte Chrisman to strike paragraphs 2, 7, and 11 of plaintiff's third claim for relief. Following the oral arguments the matter was taken under advisement and counsel were requested to submit written briefs. Extensive briefs have been submitted for study by the court.

█ Of course, for the purpose of the motions to dismiss the factual allegations in the plaintiff's complaint are deemed admitted. 2 Moore's Federal Practice (2d ed.) § 12.08.

The third claim for relief, incorporating by reference portions of the first and second claims for relief, alleges in part that on February 25, 1958, in Cincinnati, Ohio, an automobile driven by William H. Hanseman was negligently struck by a truck operated by the defendants. In the third claim for relief plaintiff has alleged that all defendants except Hamilton and Fabian violated certain rules and regulations of the Colorado Public Utilities Commission in the leasing and operation of the involved truck and are therefore liable to the plaintiff under the provisions of C.R.S.1953, 115–7–2 and 115–9–24. The pertinent portions of these statutes are hereinafter set out.

C.R.S.1953, 115–7–2 reads as follows:

*"Liability for violations—punitive damages.*—(1) In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done, either by the constitution, any law of this state or any order or decision of this commis-

sion, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom. If the court shall find that the act or omission was willful, the court, in addition to the actual damages, may award damages for the sake of example and by way of punishment. An action to recover such loss, damage or injury may be brought in any court of competent jurisdiction by any corporation or person.

"(2) No recovery as in this section provided shall in any manner affect the recovery by the state of the penalties provided in articles 1 to 7 of this chapter."

C.R.S.1953, 115–9–24 reads as follows:

*"Commission to notify local authorities—procedure.*—* * * Any person or corporation injured by such noncompliance of any motor vehicle carrier with the provisions of this article or of any other provisions of the law or orders, decisions, rules, directions or requirements of the commission, may apply to any court of competent jurisdiction for the enforcement thereof, and the court shall have jurisdiction to enforce obedience thereto by writ of injunction or other proper process, mandatory or otherwise, and to restrain any such motor vehicle carrier, its officers, agents, employees or representatives from further disobedience thereof, or to enjoin upon it or them obedience to the same, and any person or corporation so injured shall likewise have cause of action in damages, and be privileged to pursue the usual and proper remedies to redress the same as in like cases provided by law."

In the case of Miller v. Bussard, 132 Colo. 478, 289 P.2d 913, the Colorado court imposed on leasing carriers statutory liability under these sections for the negligence of the lessees where the equipment was leased in violation of the rules

and regulations of the Colorado Public Utilities Commission.

The question before the court is whether or not the liability imposed by the above Colorado statutes and as pleaded by the plaintiff's third claim for relief, is applicable in this case.

Since this case has as its basis for jurisdiction diversity of citizenship, a federal court must refer to the entire substantive law of the state in which it sits, including that state's conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. No reported decisions of the Colorado courts appear to treat the conflict of laws questions present in this case; therefore, the court must look to the general law on conflicts. Before the subject Colorado statutes will pertain it must appear that the correct conflict of laws reference would be to the Colorado internal law. No such reference can be made in this case.

By the enactment of 1953 C.R.S. 115–7–2 and 115–9–24 Colorado has exercised legislative jurisdiction as to certain conduct in Colorado. See Restatement of Conflict of Laws, section 64. However, the ultimate wrong occurred in Ohio and such wrong or harm is subject to the legislative jurisdiction of Ohio. See Restatement, section 65. It is this concurrent legislative jurisdiction that creates a choice of law problem for the forum. For the purposes of this consideration it is admitted that the defendants violated the rules and regulations of the Colorado Public Utilities Commission, but the plaintiff was in no way involved until the harm occurred in Ohio. Up to the time the truck struck the plaintiff in Ohio no injury had resulted, and it is only as a result of the harm in Ohio that the plaintiff has any claim. The general conflict of laws rule calls for the application of Ohio law as the law of the place of wrong or the law where the harm occurred. Restatement, Conflict of Laws, section 377; Hunter v. Derby Foods, 2 Cir., 110 F.2d 970, 133 A.L.R. 255; Scheer v. Rockne Motors Corporation, 2 Cir., 68 F.2d 942; Hickman v. Taylor, D.C.Pa., 75 F.Supp. 528, affirmed Hickman v. Taylor, 3 Cir., 170 F.2d 327; Alabama G.S.R. Co. v. Carroll, 97 Ala. 126, 11 So. 803, 18 L.R.A. 433, Cf. Venuto v. Robinson, 3 Cir., 118 F.2d 679, certiorari denied C. A. Ross, Agent, Inc. v. Venuto, 314 U.S. 627, 62 S.Ct. 58, 86 L.Ed. 504. In Hunter v. Derby Foods, supra, 110 F.2d 972, the court stated the rule as follows:

" * * * the place of the wrong, the 'locus delicti,' is taken by courts in this country to be the state where the last event necessary to make the actor liable occurs. Restatement of Conflict of Laws, section 377 and note; Goodrich on Conflict of Laws (2d Ed.), section 90. In the present instance that place was in Ohio, where the deceased ate the food, took sick and died, and it is not necessary to go into finer distinctions between the place of injury and the place of death. The fact that the defendant's conduct occurred in New York does not oust the law of Ohio."

The defendants, who remained in Colorado, can be made to answer for the negligent operation of the truck in Ohio only by resort to some theory of vicarious liability. In the majority of cases the courts have chosen to impose vicarious liability only if it was the law of the place of wrong. Venuto v. Robinson, supra; Hunter v. Derby Foods, supra; Scheer v. Rockne Motors Corporation, supra; Herr v. Holohan, D.C.Md., 131 F. Supp. 777; Cherwien v. Geiter, 272 N.Y. 165, 5 N.E.2d 185; Miranda v. Lo Curto, 249 N.Y. 191, 163 N.E. 557; Kernan v. Webb, 50 R.I. 394, 148 A. 186; Alabama G.S.R. Co. v. Carroll, supra. Cf: Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158; American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826. This treatment of vicarious liability is supported by the Restatement, Conflict of Laws, section 387.

The plaintiff cites the cases of Levy v. Daniels' U-Drive Auto Renting Co., 108 Conn. 333, 143 A. 163, 61 A.L.R. 846

and Schmidt v. Driscoll Hotel Inc., 249 Minn. 376, 82 N.W.2d 365, as supporting the imposition of vicarious liability under Colorado law. The characterization in the Levy case does not accord with the better view. There the car was rented in Connecticut and the harm occurred in Massachusetts. The Connecticut court invoked a Connecticut statute in holding the rentor liable. Instead of looking to the law of place where the last event occurred giving rise to the harm the court characterized the liability as contractual in nature and followed the law of Connecticut. The court in the Schmidt case recognized that the liability sounded in tort and simply refused to follow the choice of law rule of the majority and the Restatement. The Schmidt case involved a Minnesota "dram shop" statute, and it is worthwhile to note that although the accident occurred in Wisconsin, both the defendant and the plaintiff were residents of Minnesota.

Even assuming that the Colorado statute may be referred to it is generally presumed that a statute was not intended to have extraterritorial effect unless there is definite expression of such intent. 50 Am.Jur. § 48, p. 510–511. See Slater v. Mexican National R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. There is no such definitive expression in either of the Colorado statutes involved in this case. See also Public Utilities Commission v. Weicker Transp. Co., 102 Colo. 211, 78 P.2d 633 at page 636, where the Court states as follows:

> " * * * the commission [Public Utilities Commission] is clothed with general powers to regulate and control carriers for hire *within the state* * * * " (Emphasis supplied.)

No basis appearing for applying the internal law of Colorado to the substance of this occurrence the plaintiff's third claim for relief, which is based on the Colorado statute, can not stand. Therefore, it is

Ordered and adjudged that the plaintiff's third claim for relief be, and the same is hereby dismissed.

In view of the disposition of the motions to dismiss by the other defendants it is unnecessary to specifically consider defendant Chrisman's motion to strike.