[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' APPLICATION OF CHOICE OF LAW RULES ON ISSUE OF STATUTE OF LIMITATIONS IN NEGLIGENCE ACTION
An automobile accident on August 19, 1996 at about 2:30 a.m. at the intersection of Nereid and Furman Avenue in the Bronx, New York provides the essential factual setting of the pending Motion for Summary Judgment. Terry Daniels and Tiffany Bell claim that they then were passengers in a motor vehicle owned by a corporation known as Elrac of Delaware and driven by Steve Esson of Orange, Connecticut. Eugene Greatheart, a resident of the State of New York, was the driver of the other automobile involved in the accident.
On August 13, 1999, Plaintiff Terry Daniels and Tiffany Bell brought a negligence action for damages resultant from the accident in another forum; namely, the United States District Court of the District of Connecticut. That action was brought against Steven Esson, the operator of the automobile in which the plaintiffs were passengers at the time of the accident; Elrac, Inc., the rental car corporation from which the CT Page 963 vehicle was rented; and Eugene Greatheart (now deceased), the person who operated the other vehicle involved in the collision. That action was brought under Section 388(1) of the Vehicle and Traffic Law of the State of New York. On November 10, 1999, the District Court dismissed the action due to a lack of diversity jurisdiction.
On January 14, 2000, and as a result of the dismissal by the federal court, plaintiffs Terry Daniels and Steve Esson filed this action under Conn. Gen. Stat. Sec. 52-592, the Accidental Failure of Suit Statute, which allows, inter alia, a case which was dismissed because of a lack of jurisdiction to be filed in the Superior Court within one year of the dismissal.
In this action the plaintiffs reallege Section 388(1) of the Vehicle and Traffic Law of New York as the statutory authority for this negligence action. In this action they also reallege that they were passengers in the automobile owned by Elrac, Inc. and driven by defendant Steve Esson when they were injured in the automobile accident of August 19, 1996 in New York, and that their injuries were caused by the negligence of defendant Steve O. Esson in that he operated the vehicle in which they were riding in a careless and reckless manner in violation of various provisions of the New York State Vehicle and Traffic Laws, including Section 1140 which requires an operator to yield to traffic at the subject intersection. They also point out that their case, filed earlier in the federal district court, was dismissed due to lack of jurisdiction.
Defendant Elrac Incorporated has filed a Motion for Summary Judgment based upon its position that the plaintiffs' filing of this case is barred by Connecticut General Statute Section 52-584 which limits to two years the time within which a personal injury action such as this one must be filed in court. In this regard the defendant points out that the original case for the alleged accident and injuries was filed in the federal district court on August 13, 1999 — a date in the 36th month from the alleged injury. The defendant maintains that although the plaintiffs filed this case in the Superior Court within one year of the dismissal of the federal court action — as permitted by the Accident Failure of Suit Statute — that statute does not cure the defect.
The plaintiffs take the position that the time limit for bringing this case is three years as set out in the laws of the State of New York for the reason that the accident occurred in New York and they are suing for injuries and damages caused by defendants' conduct which violated the standard of care set out in specific New York State Vehicle and Traffic Laws, including Section 1140 which governs the operation of a motor CT Page 964 vehicle at an intersection.[1]
The defendant argues that conflicts of laws rules of Connecticut require application of its two-year rather than the three-year statute of New York. In this regard, the defendant draws the Court's attention to the case of Somohano v. Somohano, 29 Conn. App. 392 (1992), In Somohano, supra. the Appellate Court affirmed the trial court's granting of a motion for summary judgment against the plaintiff who had failed to bring a negligence action based upon an accident in Florida within two years as prescribed by Conn. Gen. Stat. Sec. 52-584. The defendant in that case argued that since the accident occurred in Florida, litigation based thereon could be brought within the four-year statute of limitations prescribed by Florida. The Appellate Court disagreed as expressed in its ruling that "[t]he established law of this state is that the statute of limitations is procedural and, therefore, the law of the forum applies."Id at 393.
However, it is most important to note that in Baxter v. Strum Ruger Company, 230 Conn. 335 (1994) the Supreme Court set out the analysis for determining which statute of limitations must be applied in a situation where each state has a statute of limitation that ostensibly could be applied. After discussing the difference between a statute of limitation and a statute of repose, the Court concludes that they are indistinguishable and "neither substantive nor procedural per se for choice of law purposes." Id. at 347 What follows is a quotation fromBaxter, supra, which guides the resolution of this controversy.
 In any given case, the characterization of the applicable statute of repose depends on the nature of the underlying right that forms the basis of the lawsuit. If the right existed at common law, then the statute of repose is properly characterized as procedural because it functions only as a qualification of the remedy to enforce the preexisting right. If, however, the right is newly created by the statute, then the statute of repose is properly characterized as substantive because the period of repose is so integral a part of the cause of action "as to warrant saying that it qualifie[s] the right. (Citations omitted.) (Emphasis added.)
 Id at 347 (1994).
Thus, this court must look to the law of the state of New York to see whether plaintiffs' current action was created by statute or existed at common law. Under the analysis of Baxter, supra. if the right asserted is CT Page 965 created by New York statute, the three year limitation period of New York must be applied; otherwise, if it existed at common law, the court would then apply the two year limitation set out in our Connecticut statute. The court shall now turn to the statute under which plaintiffs brought this action. That New York statute reads as follows
 Every owner of a vehicle used or operated in this state shall be liable and responsible for deaths or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise by any person using or operating the same with the permission, express or implied, of such owner. (Emphasis added)
. . . . . . . § 388(1)
In interpreting the statute, the Court of Appeals of the State of New York in the case of Cherwien v. Geiter, 272 N.Y. 165, 5 N.E.2d 185 (1936) confirmed its earlier ruling that
 [t]he statute created a liability where none existed before its enactment. The liability of the owner of a car for the negligence of one to whom he has loaned it rests solely upon the statute. The statute has created a liability where none existed at common law. citing Gochee v. Wagner, 257 N.Y. 344, 347, 178 N.E. 533, 544. (Emphasis added)
 Cherwien, supra, 5 N.E.2d at 187.
Inasmuch as this statute remains essentially unchanged today, this Court finds that since this liability granted by statutory law did not exist in the common law of New York, the statute of limitations is substantive, and in accordance with the ruling in Baxter v. Sturm, Ruger and Company,Inc. supra, the statute of limitations applicable to this case is the three-year statute of the State of New York.
For the foregoing reasons and upon the foregoing authorities, the Motion for Summary Judgment of defendant Elrac, Inc. is denied.
Clarance J. Jones, Judge