[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In this action, the plaintiff, John D. Darer, filed a complaint against the defendant, Fresh Baked Studios, Inc., a New York corporation, alleging the following nine counts: (1) breach of contract; (2) breach of oral contract; (3) promissory estoppel; (4) breach of implied warranty of fitness for a particular purpose; (5) tortious interference with business expectancy; (6) negligence; (7) conversion; (8) intentional infliction of emotional distress; and (9) violations of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant filed a timely motion to dismiss the action on the ground that this court lacks jurisdiction because the underlying contract between the parties provides that New York has exclusive jurisdiction over the plaintiff's claims. The defendant filed a memorandum in support of its motion. The plaintiff, however, failed to file a memorandum in opposition to the defendant's motion to dismiss.[1]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). A motion to dismiss may be used to assert lack of jurisdiction over the person. Practice Book § 10-31(a)(2). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Brackets omitted; internal quotation marks omitted.) Lawrence Brunoli,Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). Furthermore, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint."[2] Id., 346-67. CT Page 17352
In its memorandum, the defendant asserts that this action arises out of a commercial contract between the parties. The defendant notes that a copy of the contract has been appended as an exhibit to the plaintiff's complaint[3] and refers the court to the following provision: "Governing Law. This [a]greement shall be governed by and construed according to the laws of the [s]tate of New York. Any action, claim, andproceeding brought by either party shall be commenced exclusively in thefederal or state courts located in the [s]tate of New York." (Emphasis added.) (Complaint, Exh. A, p. 3.) The defendant argues that this provision is a forum selection clause, that Connecticut courts have consistently upheld such clauses as enforceable and that consequently, this court lacks jurisdiction over the defendant.[4] Therefore, the defendant concludes that the plaintiff's complaint should be dismissed.
"[I]n commercial transactions, parties often consent to resolve disputes in a particular jurisdiction by incorporating forum selection clauses into their contracts. Connecticut case law is clear that the courts will uphold an agreement of the parties to submit to the jurisdiction of a particular tribunal." Phoenix Leasing, Inc. v.Kosinski, 47 Conn. App. 650, 653, 707 A.2d 314 (1998); see also UnitedStates Trust Co. v. Bohart, 197 Conn. 34, 42, 495 A.2d 1034 (1985) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court."). Generally, absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts. Id., 42.
"The existence of a forum selection clause raises the issue . . . of whether a contract provision should be enforced. . . . Under this . . . modern view, the courts treat the [forum selection] contractual provision not as one which seeks to oust the court of jurisdiction, but rather as a provision which will allow the court to decline jurisdiction if it is reasonable to do so." (Brackets in original; citations omitted; internal quotation marks omitted.) IDV North America, Inc. v. Saronno, Superior Court, judicial district of Hartford at Hartford, Docket No. 058059 (September 9, 1999, Teller, J.).
In Total Telecommunications, Inc. v. Target Telecommunications, Inc.,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 053516 (March 11, 1997, Corradino, J.), the court adopted a two-step analysis to determine whether to enforce a forum selection clause. See also Brookridge Funding Corp. v. District of Columbia Housing Authority,
Superior Court, judicial district of Danbury, Docket No. 337858 (September 5, 2000, Moraghan, J.) (29 Conn. L. Rptr. 128); IDV NorthAmerica, Inc. v. Saronno, supra, Superior Court, Docket No. 058059. These steps are: first, the court must analyze the contract formation itself CT Page 17353 and determine if there was fraud, deception or uneven bargaining power. Second, the court must determine whether the inconvenience resulting to the party bringing suit would be so great if it had to go to another forum to prosecute its action, that the court should not enforce an otherwise valid contractual provision.
This court notes that the first step of the aforementioned determination requires this court to analyze the formation of the contract containing the forum selection clause. "The rules governing contract formation are well settled. To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . . [A]n agreement must be definite and certain as to its terms and requirements. . . . So long as any essential matters are left open for further consideration, the contract is not complete." (Citations omitted; emphasis added; internal quotations marks omitted.) Geary v. Wentworth Laboratories, Inc., 60 Conn. App. 622, 627,760 A.2d 969 (2000), citing LR Realty v. Connecticut National Bank,53 Conn. App. 524, 535, 732 A.2d 181, cert. denied, 250 Conn. 901,734 A.2d 984 (1999).
In this case, this court cannot determine whether a contract was formed between the parties or whether the forum selection clause was a mutually agreed upon provision. The "contract" containing the forum selection clause relied upon by the defendant is the document appended to the plaintiff's complaint as an exhibit; this document is only signed by the plaintiff.[5] The plaintiff's complaint does not contain any allegations concerning the enforceability of the forum selection clause. Furthermore, this court has not been supplied with any evidence, by affidavit or otherwise,[6] that the defendant ever signed the "contract" or agreed to be bound by its terms, or that the defendant is entitled to enforce its terms. In the absence of any evidence that there was a mutual understanding or agreement between the parties, this court cannot evaluate the circumstances of any agreement and therefore, it cannot conclude that a contract was formed or that the forum selection clause should be enforced. Therefore, this court will not decline jurisdiction. Accordingly, the defendant's motion dismiss is denied.
So Ordered.
D'ANDREA, J.T.R.