HELEN CHERWIEN and Another, Respondents, v. PHILIP J. GEITER, Appellant. — The action was brought to recover damages for personal injuries suffered by both plaintiffs as the result of an automobile accident that occurred in the State of New Jersey while the plaintiffs were guests in the defendant's car driven at the time by his son, to whom permission to use the car had been given in Brooklyn. Judgment for plaintiffs. Judgment reversed on the law, with costs, and the complaint dismissed, with costs, upon the ground that the defendant was not responsible for the negligence of his son in the State of New Jersey. There was no proof of a statute of the State of New Jersey applicable to the case, and, therefore, the common law of this State must be applied. Defendant, who was a non-resident, while on a visit to his son in this State, loaned to the latter his automobile that he might take a trip to New Jersey. The son was not the father's agent. It was not " a family car." The father is not responsible for the son's negligent operation of the car in New Jersey. Lazansky, P. J., Hagarty and Tompkins, JJ., concur; Davis, J., with whom Scudder, J., concurs, votes to affirm, with the following memorandum: It is admitted that in the city of Brooklyn the defendant loaned his automobile to his son for the purpose of taking the plaintiff and others to Park Ridge, N. J. The journey began in this State. An accident occurred in New Jersey, caused, as it has been found, by the negligence of the defendant's son, to whom permission to use the car was given. The plaintiffs have verdicts for damages for the injuries they suffered in the accident. One to whom a car is intrusted under such circumstances is a bailee under the provisions of section 59 of the Vehicle and Traffic Law. (*Gochee* v. *Wagner*, 257 N. Y. 344, 347.) A bailment is a contract which is governed by the same rules as other contracts. (3 R. C. L. 82, § 11, Bailments.) The legal relations between the father and son thus became established in this State where the consent was given and where the journey began. Such is the rule in cases of employment. (*Matter of Proper* v. *Polly*, 233 App. Div. 621; affd., 259 N. Y. 516.)

This relationship is the basis of liability under the statute above cited. It did not change when the automobile crossed the State boundary. The question of negligence would of course be determined by the law and the rules governing conduct in the State where the accident occurred. That the driver was negligent as a question of fact under the law of New Jersey is not seriously disputed. The argument is that as there is no statute in New Jersey similar to section 59 of the Vehicle and Traffic Law, making the owner liable for damages for the negligence of one to whom the car is loaned, the plaintiffs are not entitled to recover. The law of the forum in respect to the relation established and of fundamental liability should be applied, in my opinion. The question of similarity of statutes is unimportant. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.) The rule in *Miranda* v. *Lo Curto* (249 N. Y. 191) is not applicable, for in that case the whole transaction occurred in New Jersey — the accident and the establishment of the relation — as the record in the case discloses. Furthermore, I think that the " family car " doctrine, recognized in New Jersey, supports the plaintiffs' verdicts. (*Venghis* v. *Nathanson*, 101 N. J. L. 110; 127 A. 175.) I vote to affirm.