LEE MERGENTIME, JR., Respondent, Appellant, and LEE MER-GENTIME, JAMES MERGENTIME and LOTTYE MERGENTIME, Appellants, v. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, Appellant, Respondent.

Second Department, December 31, 1938.

*David Groberg* [*Harry D. Meislich* with him on the brief], for the plaintiffs, respondent, appellants.

*Irving W. Young, Jr.* [*Hugh N. Wells* with him on the brief], for the defendant, appellant, respondent.

PER CURIAM. The action arises out of an accident in the State of Maine, in which an automobile owned by plaintiff Lottye Mergentime and defendant's truck were involved. Plaintiff James Mergentime, the operator of the automobile, and his brother, plaintiff Lee Mergentime, Jr., then an infant and a passenger, seek to recover damages for personal injuries. Plaintiff Lee Mergentime, the father, sues for medical expenses incurred in treating the infant's injuries. Plaintiff Lottye Mergentime, the mother of Lee, Jr., and James, and the owner of the automobile, but who was not in it at the time of the accident, sues for property damage. The jury found in favor of plaintiffs. The trial court set aside the verdicts as against the weight of the evidence and granted the defendant's motion to dismiss the complaint on the ground that the operator of plaintiffs' automobile was guilty of negligence as matter of law and that his negligence was the sole cause of the accident. The court granted plaintiffs' motion for reargument of defendant's motion to dismiss the complaint, and upon reargument the court reinstated the verdict for $500 in favor of Lee, Jr., the passenger, but adhered to its original decision as to other plaintiffs. An order to that effect was entered on March 26, 1938. Accordingly, and on March 31, 1938, judgment was entered adjudging that plaintiff Lee, Jr., recover of defendant the sum of $500 and that the complaint as to the other plaintiffs be dismissed on the merits. Costs were denied plaintiff Lee, Jr., and taxed in favor of defendant against the unsuccessful plaintiffs. Plaintiffs thereupon moved at Special Term to review the taxation of costs and asked for an order taxing the costs of plaintiff Lee, Jr., and denying costs to defendant against the other plaintiffs. The motion was denied and an order to that effect was entered on April 29, 1938.

Defendant appeals from that part of the judgment adjudging that plaintiff Lee, Jr., recover $500, and from the order of March

26, 1938, in so far as it reinstates the verdict in his favor. The unsuccessful plaintiffs appeal from the judgment in so far as it dismisses the complaint as to them on the merits, and from so much of the order of March 26, 1938, as denies their motion to reinstate the verdicts in their favor. All the plaintiffs appeal from the order of April 29, 1938, denying their motion to review the taxation of costs.

The trial court, in setting aside the verdicts in favor of all the plaintiffs, and thereafter, on reargument, reinstating the verdict in favor of plaintiff Lee, Jr., the passenger, in effect held that both operators were negligent. The conclusion reached by the trial court was correct. In our opinion, the proof supports the finding of the jury that defendant's operator was negligent, and also shows that James, plaintiffs' driver, was guilty of negligence as matter of law. James' negligence in the operation of the automobile precludes a recovery on his part against defendant. A different situation exists as to plaintiff Lee, Jr., the passenger, as to whom there is no claim of contributory negligence, and the verdict in his favor was properly reinstated. It follows that since the verdict in favor of plaintiff Lee, Jr., was proper, the verdict in favor of the father for the medical expenses incurred in connection with Lee, Jr.'s, injuries, should be reinstated. The verdict in favor of plaintiff-mother for the damages to her automobile also should be reinstated, as the negligence of James, the operator, is not imputable to her. It is undisputed that at the time of the accident James was operating the mother's car with her consent but in her absence and not in her business. At the trial no proof was offered as to the law of the State of Maine on this phase of the case. In the absence of such proof the common law prevails and it is presumed that the common law of Maine is the same as the common law of this State. (*Cherwien* v. *Geiter*, 272 N. Y. 165, affg. 244 App. Div. 814 [Second Dept.]; *Weissman* v. *Banque De Bruxelles*, 254 N. Y. 488, 495; *Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 id. 284, 303.) At common law, under the circumstances, the negligence of the operator is not attributable to the owner. (*Gochee* v. *Wagner*, 257 N. Y. 344, 347; *Rolfe* v. *Hewitt*, 227 id. 486; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; affd., 221 N. Y. 511; *Potts* v. *Pardee*, 220 id. 431; *Van Blaricom* v. *Dodgson*, Id. 111.)

The judgment should be modified by striking out the provision dismissing the complaint as to the plaintiffs Lee Mergentime, the father, and Lottye Mergentime, the owner of the automobile, and the provision as to costs against them, and by directing that the said Lee Mergentime and Lottye Mergentime, respectively, have judgment against the defendant in the sum of $20 and $208,

without costs.  As so modified, the judgment should be affirmed, with costs to defendant against plaintiff James Mergentime, and with one bill of costs to plaintiffs Lee Mergentime, Lottye Mergentime and Lee Mergentime, Jr., against the defendant.  The order of March 26, 1938, should be modified so as to deny the motion to dismiss the complaint as to the plaintiffs Lee Mergentime and Lottye Mergentime and to grant the motion to reinstate the verdict of the jury in favor of plaintiff Lee Mergentime, in the sum of $20, and of Lottye Mergentime, in the sum of $208, and as so modified, the order should be affirmed, without costs.  The order of April 29, 1938, denying plaintiffs' motion to review the taxation of costs should be affirmed, without costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Judgment modified by striking out the provision dismissing the complaint as to the plaintiffs Lee Mergentime and Lottye Mergentime, and the provision as to costs against them, and by directing that the said Lee Mergentime and Lottye Mergentime, respectively, have judgment against defendant in the sum of $20 and $208, without costs.  As so modified, judgment unanimously affirmed, with costs to defendant against plaintiff James Mergentime, and with one bill of costs to plaintiffs Lee Mergentime, Lottye Mergentime and Lee Mergentime, Jr., against the defendant.

Order of March 26, 1938, modified so as to deny the motion to dismiss the complaint as to plaintiffs Lee Mergentime and Lottye Mergentime and to grant the motion to reinstate the verdict in favor of plaintiff Lee Mergentime, in the sum of $20, and of plaintiff Lottye Mergentime, in the sum of $208, and as so modified, the order is affirmed, without costs.

Order of April 29, 1938, denying plaintiffs' motion to review the taxation of costs, affirmed, without costs.