JEWEL MILLS, Respondent, *v.* JACOB J. GABRIEL, Appellant.

Second Department, March 11, 1940.

*Patrick E. Gibbons*, for the appellant.

*Seymour J. Shapiro*, for the respondent.

JOHNSTON, J. The action is to recover for damage to plaintiff's motor vehicle while it was being operated by another, with her permission but in her absence. Defendant is the owner and was

the operator of the automobile with which plaintiff's automobile collided. The evidence justifies the findings of the trial court that both operators were negligent and that at the time of the accident the operator of plaintiff's automobile was using it for his own private purpose and not for the benefit and upon the business of plaintiff. Under such circumstances the owner is not liable under the common law for damages arising from the negligent act of the operator of his car. (*Cherwien* v. *Geiter*, 272 N. Y. 165, 168.) Nor under the common law is the negligence of the driver imputable to the owner when the car is being operated with his consent but in his absence and not in his business. (*Mergentime* v. *New England Telephone & Telegraph Co.*, 255 App. Div. 628; affd., 281 N. Y. 739.)

The sole question to be determined is: Has section 59 of the Vehicle and Traffic Law changed the common-law rule so as to bar an action by the owner for damages to his motor vehicle when the one operating it with the owner's consent, but in his absence and not upon his business, has been guilty of negligence contributing to the accident?

The statute, in so far as it is applicable, provides:

" § 59. Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. All bonds executed by or policies of insurance issued to the owner of a motor vehicle or motor cycle shall contain a provision for indemnity or security against the liability and responsibility provided in this section; but this provision shall not be construed as requiring that such a policy include insurance against any liability of the insured, being an individual, for injuries to his or her spouse or for injury to property of his or her spouse."

The purpose of the statute was to change the common-law rule by " making the owner liable for the negligence of a person legally operating the car with the permission, express or implied, of the owner." (*Gochee* v. *Wagner*, 257 N. Y. 344, 346, revg. on other grounds, 232 App. Div. 401, 405. See, also, *Jackson* v. *Brown & Kleinhenz, Inc.*, 273 id. 365, 369; *Cohen* v. *Neustadter*, 247 id. 207; *Psota* v. *Long Island R. R. Co.*, 246 id. 388.)

The statute was enacted to remove the hardship which the common-law rule visited upon innocent persons by preventing " an owner from escaping liability by saying that his car was being

used without authority or not in his business." (*Plaumbo* v. *Ryan*, 213 App. Div. 517, 518.) This view is strengthened by the fact that the statute further provides that " All bonds executed by or policies of insurance issued to the owner * * * shall contain a provision for indemnity or security against the liability and responsibility provided in this section."

The statute does not change the common-law rule respecting the owner's right to recover *from* third persons under the circumstances disclosed by this record. Nor may it be invoked for the purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought *by* third persons against the owner. (*Webber* v. *Graves*, 234 App. Div. 579; *Gochee* v. *Wagner, supra*.) While we recognize there are a number of cases to the contrary, we do not approve them. It is suggested that if the statute does not apply, then the owner of each vehicle may recover against the other for property damage if both operators were bailees at the time of the accident, even though both were negligent. This was always the rule at common law. If the statute operates illogically or unjustly it is for the Legislature and not the courts to extend its scope.

The order of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, should be affirmed, with costs.

LAZANSKY, P. J., CARSWELL and CLOSE, JJ., concur; HAGARTY, J., dissents, with opinion, and votes to reverse the order of the Appellate Term affirming the judgment for plaintiff and to vacate the judgment and dismiss the complaint.

HAGARTY, J. (dissenting). I dissent and vote to reverse the order of the Appellate Term affirming the judgment for plaintiff and to vacate the judgment and dismiss the complaint.

If this determination be upheld it follows that respective owners may each recover against the other where operators to whom each lends his automobile become involved in a collision resulting from negligence of both. Each owner may charge the other with liability for the negligence of that other's operator and yet successfully deny that the negligence of his own operator is imputable to him. I cannot agree that the provisions of section 59 of the Vehicle and Traffic Law may be so narrowly construed. The basis of the remedy therein afforded is the statutory enactment entitled " Negligence of operator other than owner attributable to owner." It matters not whether that negligence is imputable on the theory of agency or the doctrine of *respondeat superior*. (*Psota* v. *Long*

*Island R. R. Co.*, 246 N. Y. 388; *Good Health Dairy Products Corp.* v. *Emery*, 275 id. 14, 17. Cf. *Gochee* v. *Wagner*, 257 id. 344, 347.) The owner " is responsible for the negligence of the driver of his car " (*Martindale* v. *Griffin*, 233 App. Div. 510, 514; affd., 259 N. Y. 530), because the Legislature has said so. The remedy afforded by section 59 of the Vehicle and Traffic Law arises therefrom. A similar consequence is that an owner whose operator is negligent is barred from recovery as against a third person. (*Secured Finance Co.* v. *Chicago, R. I. & P. R. Co.*, 207 Iowa, 1105; 224 N. W. 88.)

Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, affirmed, with costs.