JOSEPH BUCKIN, SR., Respondent, *v.* LONG ISLAND RAIL ROAD COMPANY, Appellant.

JOSEPH BRANDI, an Infant, by FILOMONA BRANDI, His Guardian ad Litem, Appellant, *v.* LONG ISLAND RAIL ROAD COMPANY, Respondent.

JOSEPH BUCKIN, JR., an Infant, by JOSEPH BUCKIN, SR., His Guardian ad Litem, Appellant, *v.* LONG ISLAND RAIL ROAD COMPANY, Respondent.

Argued June 4, 1941; decided July 29, 1941.

*Le Roy E. Raynor* for plaintiffs-appellants and plaintiff-respondent. The Appellate Division committed error in holding that the plaintiffs were guilty of contributory negligence. (*Jorgensen* v. *Jaeger*, 257 N. Y. 171; *McKittrich* v. *N. Y. Edison Co.*, 259 App. Div. 377; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 68; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Trudell* v. *N. Y. Rapid Transit Corp.*, 281 N. Y. 82; *Royal Indemnity Co.* v. *L. I. R. R. Co.*, 283 N. Y. 714; *Beisiegel* v. *N. Y. C. R. R. Co.*, 34 N. Y. 622.)

*William McNamara* and *Louis J. Carruthers* for defendant, respondent and appellant. The infant plaintiffs were guilty of negligence as a matter of law. (*Zucker* v. *Whitridge*, 205 N. Y. 50; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Weigand* v. *United Traction Co.*, 221 N. Y. 39; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356; *Escher* v. *B. & L. E. Tr. Co.*, 220 N. Y. 243; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435; *Schrader* v. *N. Y., C. & St. L. R. R. Co.*, 254 N. Y. 148; *Crough* v. *N. Y. C. R. R. Co.*, 260 N. Y. 227; *Miller* v. *N. Y. C. R. R. Co.*, 226 App. Div. 205; 252 N. Y. 546; *LaGoy* v. *Director-General of Railroads*, 231 N. Y. 191.) The negligence of the operator of the automobile bars a recovery by the plaintiff owner. (*Zucker* v. *Whitridge*, 205 N. Y. 50; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Weigand* v. *United Traction Co.*, 221 N. Y. 39; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356; *Escher* v. *B. & L. E. Tr. Co.*, 220 N. Y. 243; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435; *Crough* v. *N. Y. C. R. R. Co.*, 260 N. Y. 227; *Ferris* v. *Sterling*, 214 N. Y. 249; *Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Bennrona Corp.* v. *Mulroney*, 254 App. Div. 630; *Peer* v. *Babcock*, 230 N. Y. 106; *Ford* v. *Bustin*, 173 App. Div. 914; *Spencer* v. *Saporito*, 246 App. Div. 642; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Davison* v. *Klaess*, 280 N. Y. 252.)

148

Desmond, J.   An automobile, owned by the plaintiff Buckin, Sr., and driven with his consent by the infant plaintiff Brandi, in the company of the infant plaintiff Buckin, Jr., collided with the defendant's train.   The second and third of the above-entitled actions are for damages for personal injuries suffered by the infant plaintiffs. The first action is for the property damage to the owner's car.   The three actions were tried together.   Judgments were entered upon the jury's verdict in favor of the plaintiff in each action.   The Appellate Division (260 App. Div. 1049) reversed the judgments in favor of the infant plaintiffs on the ground that they were guilty of contributory negligence as matter of law, but affirmed the judgment in favor of the owner on the ground that " since the automobile was being operated with the owner's permission, but in his absence and not upon his business, the negligence of the operator may not be imputed to the owner."   (Citing Mills v. Gabriel, 259 App. Div. 60; affd., 284 N. Y. 755.)

In the two personal injury actions, we agree with the Appellate Division that the infant plaintiffs were guilty of contributory negligence as matter of law.   Their testimony as to the precautions taken by them and as to their failure to see the approaching train, although they looked, is incredible.

In the action brought by Joseph Buckin, Sr., however, we reach a different result than did the Appellate Division. This court has recently held that the negligence of the driver of an automobile driven with the owner's permission but in his absence and not on his business may not be imputed to the owner.   (Mills v. Gabriel, supra.)   Therefore, if this plaintiff owner had not precluded himself from invoking this rule on appeal the judgment in his favor would be affirmed.   He alleged in his complaint that the car was " being operated by said Joseph Brandi, his agent or representative."   The proof shows that the infant plaintiffs were using the car for their own pleasure.   No objection was made by defendant to the admission of this testimony and, since it failed to avail itself of its right in this respect,

it cannot urge on its appeal the variance between the pleading and the proof. (Civ. Prac. Act, § 109.)

However, the trial judge charged the jury in respect to the action by the plaintiff Buckin, Sr., as follows: " Of course, if the driver of the car was negligent, he [the owner] can't recover at all, because he gave him permission to drive the car, but if the boy driving the car is entitled to recover, then Mr. Buckin is entitled to recover." No objection was made by the plaintiff owner to this charge, nor did he make any requests to charge. Thus, although erroneous, this charge became the law of this case and requires a reversal of the judgment in favor of plaintiff Joseph Buckin, Sr., owner of the automobile.

In each of the actions brought by the infant plaintiffs the judgment should be affirmed, with costs. In the action brought by Joseph Buckin, Sr., the judgment should be reversed and the complaint dismissed, with costs in all courts.

LOUGHRAN, FINCH and LEWIS, JJ., concur; LEHMAN, Ch. J., and CONWAY, J., vote to affirm the judgment in favor of Joseph Buckin, Sr., and vote to reverse the judgment of the Appellate Division in the action brought by Joseph Buckin, Jr., and to affirm the judgment in favor of Joseph Buckin, Jr., in the trial court; and RIPPEY, J., who votes to affirm the judgment in favor of Joseph Buckin, Sr., and to reverse the judgments of the Appellate Division in the actions of the two infants and to affirm the judgments of the Trial Term in favor of such infants.

Judgment accordingly.