DONALD O. TUTTLE, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28340.)

MODEL TAXI CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28341.)

Court of Claims, May 4, 1948.

*James H. O'Connor* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendants.

LAMBIASE, J. Claimant, Model Taxi Corporation, was on the 25th day of March, 1946, the owner, and claimant, Donald O. Tuttle, the operator of a 1942 Chevrolet Sedan automobile. At or about four o'clock in the afternoon of that day, while the claimant, Donald O. Tuttle, was operating said automobile in a general westerly direction on route 92, a New York State highway, and particularly on a point thereon located about seven miles west of Cazenovia, New York, at or near premises now or formerly owned by one, Winan, located at said point

on the northerly side of said route 92, there was a collision between said automobile thus being driven by him and a scraper owned by the State of New York and operated at all times in the claims above set forth by its agents, servants, and employees as a result of which claimant, Donald O. Tuttle, was seriously injured and claimant Model Taxi Corporation's automobile was damaged beyond repair.

The evidence justifies the finding that claimant, Donald O. Tuttle, and the State, its officers and employees, were negligent in the operation of the taxi and scraper respectively, and that at the time of the accident, the operator of claimant Model Taxi Corporation's taxicab, that is, the claimant, Donald O. Tuttle, was using said taxicab for his own private purpose and not for the benefit of nor upon the business of the claimant, Model Taxi Corporation. Under such circumstances, the owner of said taxicab, Model Taxi Corporation, is not liable under the common law for damages arising from the negligent act of the operator of said taxi. (*Cherwien* v. *Geiter*, 272 N. Y. 165, 168.) Nor under the common law is the negligence of the driver imputable to the owner when the car is being operated with his consent but in his absence and not in his business. (*Mergentime* v. *New England Tel. & Tel. Co.*, 255 App. Div. 628, and cases cited, affd. 281 N. Y. 739.)

While it has been stated that the purpose of section 59 of the Vehicle and Traffic Law of the State of New York was to change the common-law rule by " making the owner liable for the negligence of a person legally operating the car with the permission, express or implied, of the owner " (*Gochee* v. *Wagner*, 257 N. Y. 344, 346, reversing on other grounds 232 App. Div. 401, 405) and to remove the hardship which the common law visited upon innocent persons by preventing " an owner from escaping liability by saying that his car was being used without authority, or not in his business " (*Plaumbo* v. *Ryan*, 213 App. Div. 517, 518), it has also been determined that the statute does not change the common law respecting the owner's right to recover from third persons under the circumstances disclosed by this record. Nor may it be invoked for the purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought by third persons against the owner. (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755; *Webber* v. *Graves*, 234 App. Div. 579; *Gochee* v. *Wagner, supra*; *Buckin* v. *Long Island R. R. Co.*, 286 N. Y. 146; *Brandi* v. *Long Island R. R. Co.*, 286 N. Y. 146.)

Claimant, Donald O. Tuttle's injuries are of a very serious nature, but the conclusion is inescapable that his negligence contributed to the accident which produced them, and he, therefore, cannot recover for them against the State. It is equally apparent from what we have said herein and under the circumstances of this case, that the negligence of the claimant, Donald O. Tuttle, does not bar recovery on the part of the claimant, Model Taxi Corporation.

We are, therefore, in separate decisions accompanying this memorandum dismissing the claim of claimant, Donald O. Tuttle, upon the merits, and awarding to the claimant, Model Taxi Corporation, an amount which in our judgment compensates it for the damages sustained by it.