Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We are confronted here with a rather confused and complicated situation. In the action by the plaintiff-appellant Sally Tassone the jury returned a verdict of no cause for action and a similar verdict in the action by her husband Dominick Tassone who was the owner of the automobile driven by his wife. In the four actions hy the father as guardian ad litem for his infant children the jury found verdicts for the plaintiff in each of said actions. No appeals were taken from those verdicts. In a seventh action the driver of the other vehicle, one Gursky, who was a defendant in the other six actions, sued the two plaintiffs-appellants for damages for his injuries and the jury returned a verdict of no -cause for action. The failure of the jury to find a verdict for the plaintiff father for the amount of the hospital and doctors’ bills of the infant children, which were conceded by defendants to be reasonable, is clearly inconsistent with the verdicts which the jury found for the children, from which no appeal has been taken. Furthermore it was stipulated that damage to the automobile owned by plaintiff Dominick Tassone, who was absent at the time of the accident, was $215. The court’s charge was silent on the question of absentee ownership and no requests were made to charge this doctrine (Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755). It seems clear from the inconsistencies in the verdicts that the jury was confused and unable to consider rationally and correctly the issues involved in the seven actions upon which they deliberated. In the interest of fairness and justice all of the verdicts before us on this appeal should be set aside and new trials granted. (Rudnick v. Tuckman, 1 A D 2d 269, 272; Pioneer Credit Corp. v. San Miguel, 274 App. Div. 184, 191.) All concur, *967 except Williams, J., who dissents and votes for affirmance. (Appeal from a judgment of Onondaga Trial Term for defendant for no cause of aetion in an automobile negligence action.)
Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.