Walter R. Hart, J.
Defendant moves to amend the answer so as to allege that plaintiff, Ruth Glantz, sustained her injuries when she was a guest passenger in the automobile owned and operated by defendant while in the State of Florida; that at the time of the accident a Florida -statute (viz., 1 Fla. Stats., tit. XXII, § 320.59) provided that under such circumstances a guest has no cause of action unless the accident shall have been caused by the gross negligence or wanton and willful misconduct of the owner or operator of such motor vehicle; that the statute is applicable to the case at bar and that defendant was not guilty of gross or wanton -and willful misconduct.
The Florida statute has been interpreted so as to require that the facts showing gross negligence or wanton and willful misconduct are set forth. As was stated in Jackson v. Edwards (144 Fla. 187, 195): “no person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action unless such accident shall have been caused by the ‘ gross negligence or wilful and wanton misconduct ’ of the owner or operator * * * [and] the declaration should set out specifically sufficient facts to show that the act or omission causing the injury constituted either gross negligence or wilful and wanton misconduct ’
It is elementary that the law of the place governs the substantive rights of the parties involved. It is also established by authority that: ‘ ‘ Where recovery is sought in one state for injuries sustained in another state having a guest statute, the *946 pleading must state a cause of action under such statute.” (61 C. J. S., Motor Vehicles, § 505, p. 180.)
Prior to the enactment of section 344-a of the Civil Practice Act, it was necessary to establish by proof the statute of a sister State applicable to an action brought in this State, in the absence of which proof it was necessary to apply the common law of New York (Cherwien v. Geiter, 244 App. Div. 814).
Section 344-a authorizes a trial or appellate court to take judicial notice of the statutes and common law of a sister State and to do so whether or not the statute was pleaded, and that the court may determine the law which it judicially notices and include it in its findings or charge to the jury.
Since the relief sought is unnecessary the motion is denied. Submit order.