■    HELEN BULAT, Appellant, v. RAYMOND M. O'BRIEN et al., Respondents.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Oneida Trial Term for defendant for no cause of action, in an automobile negligence action.)    Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■    WALTER BULAT, Appellant, v. RAYMOND M. O'BRIEN et al., Respondents. — Judgment insofar as it dismisses the first cause of action unanimously reversed on the law and facts and a new trial granted as to that cause of action, and otherwise judgment affirmed, without costs of this appeal to any party.    Memorandum: In the first cause of action plaintiff sued to recover for damage caused to his automobile while it was being operated by his wife with his permission but in his absence.    The damage resulted from a collision with an automobile owned by defendant, Ruth E. O'Brien, and operated by defendant, Raymond M. O'Brien. Plaintiff's case was tried jointly with an action by his wife against the same defendants to recover damages for bodily injuries sustained by her in the collision.    The wife was using the automobile to travel home from her place of employment.    Plaintiff claimed her lost wages as part of his damages in a second cause of action.    The trial court erred in charging the jury: "His case follows his wife's case and depends upon your decision in her case * * *. If she cannot recover a verdict neither can he."    The negligence of an automobile driver is not imputable to the owner of it when the car is being operated with his consent but in his absence unless it is being used in his business or for his benefit and on his account.    (Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755.)    The evidence in this case does not establish as a matter of law that plaintiff's car was being so used.    While no exception was taken by the plaintiff's counsel to the court's charge, the error, in our opinion, was a fundamental one and we take cognizance of it in the exercise of our power to reverse and to grant a new trial in the interests of justice.    (See discussion of this point in De Joseph v. Gutekunst, 13 A D 2d 223.)    Appeal from judgment of Oneida Trial Term for defendant for no cause of action, in an automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■    ALFRED KUBERA, Plaintiff, v. COLORADO FUEL AND IRON CORPORATION, Respondent, and EICHLEAY CORPORATION, Appellant.— Order unanimously affirmed, with $25 costs and disbursements.    Williams, P. J., concurs solely on the ground that there may be a question of fact arising from the portion of the contract quoted.in paragraph 10 of the second cross claim of Colorado Fuel and Iron Corporation against Eichleay, concerning indemnity.    (Appeal from order of Erie Special Term, denying motion by defendant Eichleay Corp. for a .dismissal of the cross claims of defendant Colorado Fuel and Iron Corp.)    Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■    GORDON J. SPALTY, Appellant, v. H. P. LENHARD & SONS, INC., Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Monroe Special Term denying plaintiff's motion for a preference.)    Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■    (A) LAWRENCE HEALY, Appellant, v. PATRICIA MORANZ, Respondent. (B) DONALD T. LOGAN, Appellant, v. LEON W. JOHNSON, JR., Respondent, et al., Defendants.    (C) JOHN T. MCINTEE, JR., Doing Business as LAKE COUNTRY INDUSTRIES, Appellant, v. JAMES W. POLVINO, Defendant, and HAMLIN NATIONAL BANK, Respondent.    (D) RICHARD F. MILLER, Respondent, v. KENNETH WARD, Appellant.— [In each action] Order of dismissal for failure to prosecute entered pursuant to rule X of the Appellate Division Fourth Department Rules.