█ MONICA HARRINGTON, Respondent, v. KEDEM REALTY CORP., Appellant-Respondent, and DEERING ELEVATOR Co., Appellant.— In a negligence action to recover damages for personal injuries sustained by plaintiff, a tenant in a building owned by defendant Kedem Realty Corp., when she fell as she emerged on the third floor from the building-elevator after it had stopped some distance from the third-floor level, in which the owner asserted a cross complaint against the defendant Deering Elevator Company, which was under contract with the owner to service the elevator, both defendants appeal as follows from a judgment of the Supreme Court, Kings County, entered May 31, 1960, after a jury trial upon the issues between plaintiff and the defendants, and after a decision of the court upon the issues between the defendants on the cross complaint: (1) The owner appeals from so much of the judgment as is in favor of the plaintiff against it in the sum of $35,328.37.

(2) The elevator company appeals from so much of the judgment as is in favor of plaintiff against it in the sum of $35,328.37, and as is in favor of the owner against it in the same amount. Judgment affirmed, with costs to plaintiff against both defendants, and with costs to the owner, defendants Kedem, against the elevator company, defendant Deering. The proof was sufficient to show that before the accident the elevator did not level properly and that both defendants had knowledge thereof. Plaintiff was not required to prove the specific cause why the elevator did not level properly, because the court charged that both defendants were under a statutory duty to maintain *all* parts of the elevator in proper working order (Administrative Code of City of New York, § C26–1171.0). No exception was taken to this portion of the charge and, therefore, even if erroneous, it is binding on both defendants (*Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146, 149). Recovery over by Kedem against Deering was proper because the evidence was sufficient to show that the cause of the accident was lack of a repair which Deering was under a contractual duty to make (cf. *Brown* v. *Knickerbocker Vil.*, 304 N. Y. 964). The failure to level did not come within the exclusion clause of the contract. After the accident the only repair to this elevator to correct the condition was an adjustment of its braking mechanism; and Deering conceded that under the contract it was obligated to make this adjustment. As between Kedem and Deering, it makes no difference whether Deering failed to appear at the building to service the elevator on the morning of the day when the accident happened as it was required to do, or whether Deering did service the elevator that morning and failed to find or correct the condition. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.