John H. Cooke, J.
At about 3:30 a.m. on the morning of September 27, 1959, weather clear and dry and traffic light, while traveling south on Route 219 in the vicinity of Forth Boston, Erie County, a State-maintained two-lane highway, claimant was stopped by a State trooper for speeding.
Claimant stated an unmarked police car, siren on, went ahead of him; he followed it, slowed down to five miles per hour, did not signal or pull off the paved portion of the highway, when he was struck in the rear by a second unmarked police car following him, causing the personal injuries and property damage for which he seeks recovery against the State of Few York.
The claim, duly filed, has not been assigned or submitted to any other court or tribunal for audit or determination.
The testimony was confusing as to whether claimant’s vehicle was stopped or barely moving but was conclusive as to the position of the vehicle on the paved portion of the highway. The first trooper’s vehicle had availed itself of the use of the shoulder of the road which was adequate for safe stoppage. Although traffic was light at the time of the accident there were two or three vehicles that all three vehicles passed prior to the scene of the accident.
Claimant knew or should have known that the vehicles which he had passed might still be on the roadway and traveling in the same direction, and therefore, being aware of this, he should have made certain that the highway was clear and safe for other persons having the right to use the same.
This court feels that in view of the testimony, the claimant, having the burden of proof, has not satisfied the prerequisite requirement of freedom from contributory negligence; without this proof there can be no recovery (see Greenstein v. Kahan, 298 N. Y. 784; Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755).
Whether there was negligence chargeable to the State of Few York need not be determined under these circumstances.
Upon all the evidence the claim herein must be and hereby is dismissed.
Either party may submit findings of fact and conclusions of law and they will be marked and signed by the court if received within 20 days from the date hereof, otherwise they shall be deemed to have been waived.