■ SALVATORE PINIERI et al., Appellants, v. MILTON ROSENBAUM et al., Doing Business under the Name of NORTHERN HEIGHTS SERVICE, Defendants-Respondents, and Third-Party Plaintiffs. JOCKERS AND STACK, INC., Third-Party Defendant.— In an action to recover damages for injury to person and property by reason of the negligence and breach of warranty of the defendants Rosenbaum and De Stefano in furnishing and installing a defective carburetor in the automobile owned by the female plaintiff and operated by the male plaintiff (her husband), in which action the said defendants interposed a third-party complaint against the original supplier of the carburetor, Jockers and Stack, Inc., as third-party defendant, plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County, entered June 20, 1961 upon the court's oral decision after a nonjury trial, as was against them and in favor of the said defendants. Said defendants, as third-party plaintiffs, have not appealed from so much of the judgment as is against them in favor of the third-party defendant. Judgment, insofar as appealed from, reversed on the law and the facts; third-party action severed; and the main action between the plaintiff and the defendants Rosenbaum and De Stefano remitted to the trial court for further proceedings not inconsistent with the views expressed herein. The record discloses that on April 8, 1959 the said defendants, at their service station, installed the carburetor in question in the plaintiff Rose Pinieri's car; that immediately thereafter the plaintiff Salvatore Pinieri drove the car about 2½ miles to his home without any trouble and put it in his garage; and that on the next morning (April 9, 1959) he drove the car, without any difficulty, about 8 miles in order to pick up a fellow employee on his way to work. Upon arrival at the appointed place about 20 minutes early, Mr. Pinieri found the curb spaces occupied by other cars; he double-parked the car near a gas station and turned off the ignition. He remained there about five minutes when a place became vacant at the curb. In an effort to occupy that vacant space, he turned on the ignition key while the car, which was equipped with automatic transmission, was in neutral. He then pushed the starter button; the motor began to race. When first started, the motor always raced a little in neutral, even when the engine had been warmed up; and on this occasion the racing of the motor was not unusual. He then put the car in gear ("drive") and put his foot on the gas. Suddenly and unexpectedly, the car shot forward. He turned the car into the gas station, shut off the ignition, stepped on the brake (which did not hold), the car travelled about another 20 feet and then struck a concrete wall, where the car came to rest. There was expert testimony to

the effect that the sudden spurt of the car was due to a defect in the carburetor and that such defect was visible to the naked eye of any mechanic. The learned trial court granted judgment in favor of defendants against plaintiffs solely upon the ground that, by putting the car into gear while the engine was racing, Mr. Pinieri was guilty of contributory negligence. Implicitly, the court also held that such negligence was imputable to Mr. Pinieri's wife, the owner of the car, who admittedly was not in the car or present at the time of the accident. In view of such holding, the court reached no other issues in the case. In our opinion, the learned trial court erred in so holding. While it may be said that a person who deliberately courts danger is guilty of contributory negligence (cf. *Friedman* v. *Beck*, 250 App. Div. 87), that principle, under the unusual circumstances disclosed by the undisputed proof, is not applicable to the case at bar. The racing ("a little") of the motor while the car was "in neutral," was not unusual; it was not until Mr. Pinieri had put his foot on the gas that the car shot forward. It thus appears that here it was not the initial "racing" of the motor which caused the sudden propulsion, but the activation of the defective carburetor when Mr. Pinieri stepped on the gas. Under such circumstances it may not be said as a matter of law that his act of putting the car into gear constituted contributory negligence. In addition, ordinarily, the mere fact that the person charged with contributory negligence was driving the car of the plaintiff absent owner with the latter's consent, does not mean that the driver's contributory negligence is imputable to such plaintiff owner (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755; *Mergentime* v. *New England Tel. & Tel. Co.*, 255 App. Div. 628, affd. 281 N. Y. 739). However, in actions by the owner against third persons, if the owner was present in the car at the time of the accident, the driver's negligence is imputable to the owner on the theory that since he was in the car he was actually or constructively in control (*Gochee* v. *Wagner*, 257 N. Y. 344; 1 Warren's Negligence, pp. 160–161, and cases cited). In the case at bar, since the owner (plaintiff Rose Pinieri) was not present, the contributory negligence, if any, of the driver (her husband) would not be imputable to her. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.