Frank S. McCullough, J.
The court has been asked for a determination of a request to charge the doctrine of Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755).
Section 59 (now § 388) of the Vehicle and Traffic Law reads as follows: ‘ ‘ Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.”
The enactment of the statute changed the law then in existence so as to create liability where none had existed.
*269 As indicated and held in Mills v. Gabriel (supra), when the law was enacted, no provision was made to cover the situation where the owner sues to recover for damages caused to his own car while it is being operated by another. The common law which prevailed before the law was enacted, therefore, still continues. This rule as applied t.o an action brought by an owner to recover his own damages, is that an owner is not. necessarily chargeable with the negligence of an operator to whom the owner has given permission to use his car. It all depends on whether or not the car is being used for the business of the owner at the time of accident. If it is being used in the business of the owner or if the owner is present in the car the owner is charged with the negligence of the operator. When, however, the owner is not present in the car and the car is not being used on his business, he is not chargeable with the negligence of the operator and may recover against one who was negligent even though the operator of his own car was guilty of contributory negligence.
The testimony disclosed that the car owned by the corporate plaintiff was being operated by its president; its treasurer was a passenger; the president and treasurer were the sole stockholders and that the car was being operated for a social purpose. In view of that state of facts the court is requested to pierce the corporate veil and charge that the negligence of the operator is imputable to the corporation because of the presence of all the stockholders and officers. Despite the ruling of the Appellate Division in the case of Freiman v. Long Is. Light. Co. (2 A D 2d 889), this court refuses to hold the doctrine of Mills v. Gabriel (supra) is not applicable. While the result reached in the Freiman case is an equitable one it is not one that should be applied here. The piercing of the corporate veil should not be lightly regarded in view of the far-reaching effects it has on the extension or limitation of corporate liability.
The court, therefore, holds that the jury will be instructed according to the doctrine of Mills v. Gabriel (supra).