Frank X. Altimari, J.
Plaintiff, owner-operator of a motor vehicle, has brought this action against the husband owner and wife operator of a motor vehicle, for damages allegedly done to his automobile as a result of a collision between the plaintiff’s vehicle and the defendant husband’s motor vehicle. The defendant husband has interposed a counterclaim alleging damage to his motor vehicle arising out of the same accident.
The testimony at the trial disclosed that at the time of the accident the plaintiff was operating his motor vehicle and the defendant wife was operating the motor vehicle owned by .her husband with his permission, although at the time the husband was not present in the vehicle. From the proofs adduced at the trial the court is convinced that both operators were negligent. Plaintiff, of course, cannot recover in view of the finding that he was negligent in the operation of his vehicle. The question for determination is then whether or not the husband owner can recover even though his" wife in operating his motor vehicle was negligent.
In Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755) it was held that former section 59 of the Vehicle and Traffic Law (presently section 388 of the Vehicle and Traffic Law) did not change the common-law rule to the effect that the negligence *365 of an operator of a motor vehicle was not imputable to the owner where the vehicle, although being used by the operator with the owner’s permission, was not being used for the owner’s business at the time of the accident, the owner not being present in the vehicle at the time.
The undisputed testimony of the wife operator was to the effect that when the accident occurred her daughter and some of the daughter’s friends were passengers in her husband’s ear. The testimony further disclosed that at the time of the accident the wife operator was in the process of transporting one of the daughter’s friends to the latter’s home after all of the girls had attended a pajama party. The court is called upon to decide whether or not an enterprise undertaken by the wife under the circumstances disclosed is a business of the husband so as to create an agency relationship between the husband and wife with the resultant effect of imputing her negligence to him thus preventing him from recovering for the damage to his car.
We find much to commend in the view put forth in New York Tel. Co. v. Scofield (31 N. Y. S. 2d 393) where Justice Hicks holds that the primary duty to provide transportation for a child is upon the husband rather than the wife. Were the circumstances such in this case that the wife was in the act of driving the daughter home from the party at the time of the accident we would probably find that such an activity on the part of the wife was in furtherance of the husband’s obligation in this regard. Although perhaps in a more innocent period of our society the father’s obligation would not extend to what probably would then have been considered a frivolous activity, this court is of the view that today a father has a duty to provide entertainment in a reasonable degree for his children and to provide the transportation to and from such activities.
The father’s obligations, however, do not extend to providing transportation for his children’s friends and accordingly it is the judgment of this court that the defendant may recover from the plaintiff the sum of $398.33 together with the allowable costs and disbursements for the damage to his vehicle.