■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ADAMS, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant appeals from a judgment of

Erie Trial Term convicting him of second degree burglary for entering a dwelling at night with intent to commit the crime of rape therein. (See Penal Law, § 140.25.) The trial court charged the jury without objection or exception that complainant's testimony of each and every element of the crime of burglary in the second degree must be corroborated. This is the law of the case. (*Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146; 1 Carmody-Wait 2d, New York Practice, § 2:65.) Complainant's testimony that defendant entered her apartment at 5 o'clock and was there from that time until 8 o'clock in the morning is corroborated by the testimony of defendant's witness Chiari that defendant got out of his automobile at about 4:00 A.M. at Main and Summer Streets, three blocks from complainant's apartment and by the testimony of police officer Braun that defendant was asleep in complainant's bed at 8 o'clock in the morning. Her testimony that defendant entered her apartment without permission is corroborated by testimony of the police officers that they found a ladder against the front of the apartment house leading from the ground to the open window in complainant's bedroom, the top of which was within a foot or a foot and a half of the window sill. While the requisite intent to commit the crime of rape may be inferred from the circumstances of the entry (*People* v. *Oliver*, 4 A D 2d 28, 31, affd. 3 N Y 2d 684; *People* v. *Boettcher*, 20 A D 2d 801), complainant's testimony of such circumstances, particularly of defendant's acts and statements, is not sufficiently corroborated and the finding implicit in the verdict, that defendant entered complainant's bedroom with intent to commit the crime of rape therein, is not sustained by the evidence. (Appeal from Judgment of Erie Supreme Court, convicting defendant of burglary, second degree.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ.