■ JOHANNA LAUFER et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered February 28, 1968 after a jury trial on the issues of liability only, as is against them and in favor of defendant City of New York upon the trial court's decision setting aside the jury's verdict and dismissing the complaint as to said defendant. Judgment reversed insofar as appealed from, on the law and in the interests of justice, and, as between plaintiffs and defendant City of New York, action severed and new trial granted on the issues of liability only, with costs to abide the event. The proof was that on January 19 and 20, 1961 a precipitation of snow of from 8 to 10 inches occurred and that on January 23 and 24, 1961, ending at noon on the 24th, an additional snowfall of 1 to 2.2 inches occurred. The female plaintiff was injured by slipping on a pathway of snow and ice on a city sidewalk, in the Borough of Brooklyn, on January 26, at about 11:00 A.M. We are of the view that it is for a jury to decide (a) whether the female plaintiff fell as a consequence of the first or second snowfall or as a result of the cumulation of both storms; (b) whether a six-day or a 47-hour lapse of time had occurred from the end of the causal precipitation; (c) whether the city was faced with a usual or unusual snowfall; and (d) whether, if confronted by an ordinary situation of winter weather in the locality, the city had acted as a prudent and careful municipality in clearing the precipitation. It was error for the Trial Justice to decide, in ruling on the post-verdict motion of the city to set aside the verdict, that the female plaintiff had incurred an accident "46 hours" after the last snowfall, without having submitted that question to the jury, and that such short lapse of time, per se, barred recovery, in the light of his prior ruling that plaintiffs had made out a prima facie case. Under the circumstances appearing in the record before us, we believe a close question of liability was presented and, if a new trial were not ordered (instead of reinstatement of the verdict as suggested by the minority), the city would be precluded from a full declaration of all possible defensive positions against plaintiffs' recovery. We are also of the view that, in the interests of justice, a new trial is merited, at which the issue of causality as to the two snowfalls could be adequately pinpointed and considered on a more elaborate charge. Brennan, Acting P. J., Benjamin and Kleinfeld, JJ., concur; Rabin, J., concurs in the reversal of the judgment insofar as appealed from, but otherwise dissents and votes to reinstate the jury verdict, with the following memorandum, in which Hopkins, J., concurs: I see no reason for a new trial since the defendant City of New York had no exceptions to the learned Trial Justice's original and supplemental charges to the jury, and the city's requests to charge on both occasions were granted. Accordingly, it is my view that, on the record before this court, the defendant City of New York has no legal standing to question the submission of the issues to the jury as formulated by the Trial Justice. Indeed, that submission became the law of this case by the acquiescence of the parties (*Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146, 149; *Monahan* v. *City of New York*, 31 A D 2d 933). If that be so, then it seems to me that it might well be said that, since the city had no objection to the jury passing on the submitted question as to whether it had acted as a reasonably prudent person under all the facts and circumstances adduced, implicit in that submission was the proposition that the jury was free to decide whether the female plaintiff fell as a result of the first or second snowfall, or both, and whether the city had performed its obligation in either event. If that conclusion is instinct in the jury's verdict, and I believe it is, then, of course, there is no point in ordering a new trial and all we need do is to restore plaintiffs' verdict as rendered.