Dominic S. Rinaldi, J.
In this action by the owner and by the driver of his vehicle, to recover for personal injuries and property damage against the owner and the driver of the other vehicle involved in the accident, the defendants moved for an order granting them summary judgment dismissing the action. The plaintiff, James Donato, cross-moves for summary judgment against both defendants on his property damage cause of action.
Plaintiff James Donato’s cross motion raises the more difficult of issues and will be disposed of first. He seeks summary judgment on his property damage claim against both defendants by reason of the doctrine enunciated in Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755), in which it was held that the negligence of the driver is not imputable to the owner when the car was being operated with his consent, in his absence, and not in his business (Mergentime v. New England Tel. & Tel. Co., 255 App. Div. 628, affd. 281 N. Y. 739). The court therein held that section 59 of the Vehicle and Traffic Law (now § 388) was for the benefit of third persons “ Nor may it be invoked for the purpose of imputing the operator’s negligence to the owner.” (259 App. Div., at p. 62.)
The defendants assert that the doctrine of Schwartz v. Public Administrator (24 N Y 2d 65) should prevail, since a passenger in plaintiff’s vehicle had instituted an action to recover for personal injuries as a result of the accident in question, and that judgment had been entered as the result of a jury verdict after a five-day trial in the Civil Court, Kings *706 County, in favor of the passenger and against all four of the parties in this action, to wit, the drivers of both vehicles and the respective absent owners of each vehicle involved in the accident.
The issue presented is whether Mills v. Gabriel (259 App. Div. 60, supra) would permit the owners of the respective vehicles to sue each other for property damage to their vehicles, or are they precluded by the theory of collateral estoppel as set forth in Schwartz v. Public Administrator (24 N Y 2d 65, supra) because of the judgment recovered by the plaintiff’s passenger against all of the parties herein.
Except for Gelb v. McCabe (220 N. Y. S. 2d 738 [decided prior to Schwartz v. Public Administrator, 24 N Y 2d 65, supra]), this court has been unable to find a reported case in this State dealing with the rights and obligations of an absentee owner of a vehicle used with his consent but not in his business, as against the owner and driver of the other vehicle involved in the accident, after a prior adjudication has been had in an action brought by a third party. In Gelb v. McCabe (220 N. Y. S. 2d 738, supra), the court allowed judgment to both owners for their property damage.
However, while Schwartz v. Public Administrator (24 N Y 2d 65, supra) decided the issue as to whether a judgment in favor of a passenger in an action against operators of two colliding vehicles gives rise to an estoppel which would bar a subsequent action by one of the drivers against the other, for his personal injuries or property damage, it remains silent as to the rights of an absentee owner whose vehicle was being used with his consent but not upon his business (Mills v. Gabriel, 259, App. Div. 60, supra).
Nevertheless, Schwartz v. Public Administrator (24 N Y 2d 65, supra) did enunciate the rule that the doctrine of collateral estoppel would be invoked where there was an identity of issue which has necessarily been decided in a prior action and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the decision now said to be controlling.
In the prior action brought by the passenger in plaintiff’s vehicle, all of the parties herein were named as defendants therein. They all took an active part in that trial and the issue of their negligence was determined, albeit, the negligence of the owners of the respective vehicles was derivative only and imposed upon them only in favor of the passenger as a *707 third party by reason of section 59 of the Vehicle and Traffic Law (now § 388).
Schwartz v. Public Administrator (24 N Y 2d 65, supra) specifically states that all issues with respect to the driver’s obligations could be resolved by the interposition of a counterclaim in his behalf against the other defendants, in the first action, or to- consolidate his action with the passenger’s. It virtually follows that the same remedy would be available to the absentee owner. In any event, it clearly stated: “New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair ¡opportunity to contest the decision now said to be controlling.” (24 N Y 2d, at p. 71, italics supplied for emphasis).
In the light of that pronouncement, this court must deny plaintiff’s cross motion for summary judgment. It is for the Legislature of the State to determine the relative effects of Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755, supra) against the decision of Schwartz v. Public Administrator (24 N Y 2d 65, supra).
Defendants’ motion is predicated upon the claim that the issues of negligence have been decided in a previous action by the passenger in plaintiffs’ vehicle which resulted in a judgment Being rendered in the passenger’s favor against all four of the parties in the case at bar.
CPLR 3211 (subd. [a]) states that a motion to dismiss may be made (par. 5) on the ground that the cause of action may not be maintained because of res judicata and under subdivision (e) that the objection is waived unless raised either by motion before service of the responsive pleading or in the responsive pleading. While an examination of the pleadings herein indicates that no prior motion was made nor did the defendants" raise the objection of res judicata in their answer, and accordingly are not entitled to the relief1 they are seeking, nevertheless, the court may grant summary judgment to a party even in the absence of a cross motion (22 West Main St. v. Boguszewski, 34 A D 2d 358, 360), citing CPLR 3212 (subd. [b]).
In view of the determination being made herein, that the doctrine of collateral estoppel bars the plaintiff James Donato from proceeding with his cause of action for property damage, *708 and plaintiff John Donato having conceded that he was hound by collateral estoppel and having consented to the dismissal of his cause of action for personal injuries, it is the decision of the court that the complaint in its entirety be dismissed.