■ LEONA L. MARTIN, Respondent, v. CITY OF COHOES, Appellant.— Appeal (1) from a judgment of the Supreme Court, entered January 5, 1973 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff, and (2) from an order of said court, entered on the same date, which denied defendant's motion to set aside the verdict. The jury rendered a verdict in plaintiff's favor for personal injuries suffered as a result of a fall when the high heel of her

right shoe became wedged in a crevice between the curbstone and an adjoining public sidewalk in the City of Cohoes. In its charge, the court instructed the jury as to the requirements necessary to establish actual notice of an alleged unsafe condition on the part of the city, as required by the Laws of 1915 (ch. 130, § 192). However, this local law was amended in 1953 and again in 1960 to require actual *written notice* to the city of any unsafe or dangerous condition. This requirement was set forth as an affirmative defense in the answer, although the statutory provision was referred to incorrectly as the Laws of 1915. In any event, the court was on notice of a statutory requirement of such substance that had it been recognized it would have resulted in a directed verdict for the defendant. It should be noted that CPLR 4511 (subd. [a]) states that "every court shall take judicial notice *without request* of ° ° ° all local laws" (emphasis supplied). This is a mandatory direction to the court and failure to comply compels a reversal. Order and judgment reversed, on the law, and complaint dismissed, without costs. Staley, Jr., J. P., Kane and Reynolds, JJ., concur; Sweeney and Main, JJ., dissent and vote to affirm in the following memorandum by Sweeney, J: Sweeney, J. (dissenting). We dissent and vote to affirm. It was defendant's attorney who presented a copy of the erroneous statute to the court. Thereafter, in open court he stated "the section requires actual notice of any defect." Without exception, the case from its inception was tried on the theory of actual and not written notice. Furthermore, there was no request to the court for a charge of written notice, nor was there any exception to the charge of actual notice. The requirement for actual notice, therefore, became the law of the case binding on the parties even though it was an erroneous statement of the local law (*Olsen* v. *Chase Manhattan Bank*, 9 N Y 2d 829; *Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146). We disagree with the majority that, on this record, CPLR 4511 mandates a reversal. The court in fact took judicial notice of the precise local law actually requested by the defendant. To burden the court with the responsibility of verifying each such request ignores reality and was never intended by the Legislature. Under the circumstances, it was clearly within the court's discretion to deny defendant's motion to set the verdict aside. The judgment should be affirmed.